**Carolyn Milligan HUGHES, Appellant,**

**v.**

**James P. MATTHEWS, Individually, and as Chief Executive Officer of General Properties, Inc. and Foothills Apartments; General Properties, Inc.; Foothills Apartments, Appellees.**

**No. 92–1620.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Dec. 8, 1992.

court dismissed the state claims, finding that Hughes had failed to produce sufficient evidence to warrant submission of the outrage claim to a jury and that Arkansas would not recognize a discharge claim based on pregnancy discrimination. The court also rejected her argument that she was entitled to a jury trial on her Title VII claim based on a retroactive application of section 102(c) of the Civil Rights Act of 1991 (Act), Pub.L. No. 102–166, 105 Stat. 1071–1100, codified at 42 U.S.C. § 1981a(c). After a bench trial, the court found that appellees had not discharged Hughes because she was pregnant, but discharged her because of low occupancy rates.

■ On appeal, Hughes first challenges the district court's ruling that section 102(c) of the Civil Rights Act did not apply retroactively. The district court noted that under the Act, a plaintiff was entitled to a jury trial only if he or she requested compensatory or punitive damages under section 102(b) of the Act. Reasoning that the amended damages provisions of the Act were substantive changes in the law, the court refused Hughes' request for a jury trial.

At the time of the court's ruling, it did not have the benefit of *Fray v. Omaha World Herald Co.,* 960 F.2d 1370 (8th Cir. 1992), and *Huey v. Sullivan,* 971 F.2d 1362 (8th Cir.1992). In *Fray,* this court held that section 101 of the Act, which legislatively overruled *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989),[2] did not apply to conduct occurring before the Act's effective date of November 21, 1991. 960 F.2d at 1378. This court recognized the conflict between *Bradley v. Richmond School Bd.,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). In *Bradley,* the Court held that a new statute should be applied retroactively "unless doing so would result in manifest injustice or there is a statutory

G. Ross Smith, Little Rock, AR, argued, for appellant.

Philip E. Kaplan, Little Rock, AR, argued (Joann C. Maxey, on the brief), for appellees.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Carolyn Milligan Hughes appeals from an adverse judgment entered by the district court[1] in a pregnancy discrimination action. We affirm.

Hughes filed the action after she was terminated in April 1989 from her position as a resident manager of the Foothills Apartments in Little Rock, Arkansas. General Properties, Inc. managed the apartment complex; James Matthews was president of General Properties. Hughes, who was seven months pregnant at the time of the termination, alleged a violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq, and the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k). She also alleged state law claims of outrage and wrongful discharge. Before trial, the

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

2. In *Patterson,* the Supreme Court held that 42 U.S.C. § 1981 did not extend to discriminatory conditions of employment claims.

direction or legislative history to the contrary." 416 U.S. at 711, 94 S.Ct. at 2016. In *Georgetown Hospital*, the Court held that "congressional enactments ... will not be construed to have retroactive effect unless their language requires this result." 488 U.S. at 208, 109 S.Ct. at 471. Although this court tended to believe that *Georgetown Hospital* enumerated the better rule, under either analysis this court could not find sufficient evidence in the language or legislative history of the Act to support retroactive application of section 101. 960 F.2d at 1378. In *Huey*, this court relied on *Fray* to hold that section 113, which allows a court to award expert witness fees as part of the attorney's fee, and section 114, which provides for interest on back pay awards for federal employees, were not to be applied retroactively. 971 F.2d at 1365–66 & n. 5. We believe these cases support the district court's holding that section 102(c) does not apply retroactively.

We note that the Fifth Circuit has recently held that sections 102(b) and (c) of the Act do not apply retroactively. As did the district court in this case, the court in *Landgraf v. USI Film Prod.*, 968 F.2d 427, 433 (5th Cir.1992), *petition for cert. filed,* 61 U.S.L.W. 3371 (U.S. Oct. 28, 1992) (No. 92–757), recognized that in certain circumstances courts apply procedural rules to pending cases. The Fifth Circuit, however, noted that the determination of whether to apply a change in the law retroactively was not "controlled by formal labels of substantive or remedial changes." *Id.* Instead, the court believed the focus should be on the "practical effects the amendments have upon the settled expectations of the parties." *Id.* Under the *Bradley* analysis, the court refused to apply the Act's amended damage provisions retroactively. The court believed "[i]t would be an injustice ... to charge individual employers with anticipating th[e] change in damages under Title VII." *Id.* The court characterized the addition of compensatory and punitive damages as a "seachange in employer liability." *Id.*

■ Hughes next argues that the court erred in finding that Cynthia Smith's testimony was not direct evidence of discrimination. Smith testified that she had been fired from a position in a hotel managed by General Properties in 1984 when she was eight months pregnant and that she had been informed that Matthews had stated she was being fired because she was pregnant. We agree with the district court that Smith's testimony was too remote in time and relationship to Hughes to constitute direct evidence of discrimination. *See Frieze v. Boatmen's Bank*, 950 F.2d 538, 541–42 (8th Cir.1991). We also hold that the district court did not err in concluding that appellees' reason for terminating Hughes was not pretextual. As the court noted, even Hughes testified that she was aware that appellees were displeased with the low occupancy rates when she did not receive a raise in September 1988.

■ We also find no merit to Hughes' arguments concerning the district court's dismissal of her state law claims. As to the outrage claim, we agree with the district court that Hughes failed to present evidence of conduct that was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 244, 743 S.W.2d 380, 382 (1988) (quotation omitted). As to the wrongful discharge claim, we agree with the court that Arkansas would refuse to recognize a wrongful discharge action based on pregnancy discrimination. In *Sterling Drug*, the Arkansas Supreme Court held that an at-will employee has a cause of action for wrongful discharge if the employee was discharged in violation of "well-established public policy of the state." *Id.* at 249, 743 S.W.2d at 385. The court stated that the "public policy of a state is found in its constitution and statutes." *Id.* Because Arkansas does not appear to have a constitutional or statutory prohibition against pregnancy discrimination, the district court did not err in dismissing Hughes' wrongful discharge claim. *See Borden v. Johnson,* 196 Ga.App. 288, 395 S.E.2d 628, 629–30 (1990) (absence of state law prohibition against pregnancy discrimination precluded

court from creating public policy exception to employment-at-will doctrine).

Accordingly, the judgment of the district court is affirmed.