Reginald T. HUEY, Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Appellee.

No. 91–2908.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided July 30, 1992.

John W. Kurtz, Kansas City, Mo., argued (Elmer C. Jackson, Jr., Kansas City, Mo., on the brief), for appellant.

Judith Marie Strong, Kansas City, Mo., argued (Alleen S. Castellani, Kansas City, Mo., on the brief), for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and WOODS,[*] District Judge.

MAGILL, Circuit Judge.

Reginald Huey appeals the district court's[1] order denying him interest on a back pay award that he received as a result of a successful race discrimination claim. Huey also challenges the district court's refusal to grant him accountant's expenses and a portion of his attorney's fees. We affirm.

### I.

Huey and his employer, the Social Security Administration (the Agency), have been engaged in a thirteen-year legal battle stemming from the Agency's failure to promote Huey to twelve different GS–12 positions for which he was qualified. As required by federal law, Huey first brought his claim of race discrimination before the Agency. When the Agency found no discrimination, Huey appealed the finding to the Equal Employment Opportunity Commission (EEOC) which remanded to the Agency for further investigation. On remand, the Agency concluded that Huey's allegations with respect to seven of the positions were untimely. With respect to the remaining five positions, the Agency found no discrimination. The Agency's supplemental investigation also revealed that numerous records relating to the promotions had been destroyed. Huey again appealed to the EEOC which upheld the Agency's finding that seven of Huey's alle-

---

[*] THE HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri.

gations were untimely. The EEOC, however, reversed the Agency's finding of no discrimination with respect to the other five positions. The EEOC concluded that Huey had made out a prima facie case of discrimination because the Agency conceded that Huey was eligible for the five promotions, and that those given the promotions were not black. The EEOC also found that although the Agency had shown a legitimate, nondiscriminatory reason for not selecting Huey, the Agency's own actions in destroying records prevented Huey from proving that the Agency's asserted reason was a pretext. Because the Agency had a duty to preserve or reconstruct these records, the EEOC applied an adverse inference and assumed that Huey met his burden of showing pretext.

Pursuant to its authority to issue a final decision requiring the employing agency to take corrective action,[2] the EEOC ordered the Agency to promote Huey to the position of his choice from among the five positions he had been denied, to pay him back pay based on the increased salary he would have received if he had been promoted to a GS–12 position, and to pay him attorney's fees. Huey then selected the position of Executive Assistant to the Principal Regional Office. Because the Agency had redefined this position in the years since Huey had originally applied for it, the Agency challenged Huey's right to receive this position and moved to reopen the EEOC decision. The EEOC granted this request, and altered its order to require the Agency to promote Huey to a GS–12 position which is substantially equivalent to any one of the five positions the Agency had previously denied Huey. This order gave the Agency, rather than Huey, the right to choose the specific position Huey would receive.

As allowed by law, Huey then brought a Title VII action in federal district court seeking enforcement of the EEOC's order.

Huey also sought additional relief, including appointment to the position of his choice, back pay calculated at a GS–12 level for one year and at a GS–13 level for all succeeding years, and interest on the back pay award. Finally, Huey sought accountant's expenses incurred for calculation of the back pay amount and attorney's fees incurred at the district court level. The Agency argued that the district court could not award Huey relief beyond what the EEOC had ordered without retrying the issue of liability de novo. It conceded, however, that the court is bound by the EEOC's order with respect to its enforcement. On February 8, 1989, the district court granted Huey summary judgment on the issue of liability, rejecting the Agency's argument that it was entitled to de novo review before the court could grant additional relief. After further proceedings, the court rejected Huey's claims for relief beyond that awarded by the EEOC. It did, however, grant Huey attorney's fees for work up to the grant of partial summary judgment on February 8, 1989. 705 F.Supp. 1414. Huey now appeals the district court's denial of interest on the back pay award, accountant's expenses, and attorney's fees incurred after February 8, 1989. The Agency claims that the district court proceedings are not final, and thus this court lacks jurisdiction to hear the appeal. We conclude that we have jurisdiction, and affirm the district court's order in all respects.

## II.

### A. Jurisdiction

▮▮▮ We first address the Agency's claim that we lack jurisdiction to hear the appeal. The United States courts of appeals have jurisdiction only over final decisions of the district courts.[3] 28 U.S.C. § 1291 (1988). Generally, a district court decision is final when the court "has ren-

---

2. The role of the EEOC in remedying discrimination by federal employers is significantly different than its role in discrimination actions against private employers. *See Moore v. Devine,* 780 F.2d 1559, 1562–63 (11th Cir.1986). Only in discrimination actions by federal employees is

the EEOC empowered to enter final orders binding the employing agency. 42 U.S.C. § 2000e–16(b) (1988); 29 C.F.R. §§ 1613.234–.237 (1991).

3. There are limited exceptions to this rule not applicable here.

dered a decision that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991) (citing *Towers Hotel Corp. v. Rimmel*, 871 F.2d 766, 769 (8th Cir.1989)). The Agency argues that the district court proceedings are not final because the court retained jurisdiction to review any questions that arise regarding the Agency's good faith assignment of a GS–12 position to Huey as required by the judgment. Any subsequent action brought before the district court regarding the Agency's compliance with the judgment, however, clearly is related to execution of the judgment. We do not believe that retention of jurisdiction to oversee execution of the judgment prevents the district court's decision on the merits from becoming final. *See Brown Shoe Co. v. United States*, 370 U.S. 294, 304–10, 82 S.Ct. 1502, 1512, 8 L.Ed.2d 510 (1962) (finding appellate jurisdiction even though the court had not yet developed a specific plan for carrying into effect its divestiture order). We thus find that we have jurisdiction to address the merits of this appeal.

### B. Interest on Back Pay Award

■ Huey argues that he is entitled to interest on his back pay award either under the Back Pay Act, 5 U.S.C. § 5596 (1988), or under § 114 of the Civil Rights Act of 1991. We reject both these arguments. First, even assuming that the interest provisions of the Back Pay Act can supplement the relief available to a prevailing plaintiff under Title VII, we do not believe that these provisions entitle Huey to interest. In 1987, Congress amended the Back Pay Act to allow interest on back pay awards. 5 U.S.C. § 5596(b)(2). Under these amendments, an employee is entitled to interest only if the decision awarding the employee back pay was rendered on or after December 22, 1987. Pub.L. No. 100–202, § 101(m) [Title VI, § 623(b)] (1987) (reprinted in the historical and statutory notes of 5 U.S.C. § 5596). The Agency argues that the decision awarding Huey back pay was made on May 26, 1987, well before the effective date of the amendments. We agree. On May 26, 1987, the EEOC entered its final decision in the discrimination action, granting Huey back pay based on a GS–12 pay schedule. Neither Huey nor the Agency ever challenged this award. Although Huey sought to increase this award in his subsequent court action, the district court denied this relief. Thus, the only decision awarding Huey back pay was the one made by the EEOC on May 26, 1987. Although the district court did agree to enforce this award, subsequent enforcement action does not alter the date that the award was made. *See Gonzales v. Dep't of the Treasury*, 46 M.S.P.R. 75 (M.S.P.B. 1990); *Greene v. Dep't of Health & Human Servs.*, 42 M.S.P.R. 192 (M.S.P.B. 1989).

■ Second, we do not believe that § 114 of the 1991 Civil Rights Act entitles Huey to interest on his back pay award. This section waives sovereign immunity to awards of interest under Title VII. It specifically states that "the same interest to compensate for delay in payment shall be available as in cases involving nonpublic parties." Pub.L. No. 102–166, § 114, 105 Stat. 1071, 1079 (1991) (codified at 42 U.S.C. § 2000e–16(d)). The Agency paid Huey his back pay award prior to the effective date of the 1991 Act. Accordingly, any award of interest on the back pay would be a retroactive application of § 114. Congress did not specify whether courts should retroactively apply this provision. This circuit, however, recently concluded that another provision of the Civil Rights Act does not apply retroactively. *See Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 1377–78 (8th Cir.1992) (holding that § 101 is not retroactive); *see also Vogel v. City of Cincinnati*, 959 F.2d 594 (6th Cir. 1992) (holding that Civil Rights Act of 1991 not retroactive). We believe that the reasoning of *Fray* is equally applicable to retroactive applications of § 114. Additionally, the policy requiring that waivers of sovereign immunity be construed strictly in favor of the United States, *e.g., Ardestani v. INS*, — U.S. —, —, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86, 103

S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983), makes a finding of no retroactivity even more compelling in this case. Accordingly, we uphold the district court's denial of interest on Huey's back pay award.[4]

## C. Accountant's Expenses

■ Huey also contends that he is entitled to reimbursement for accountant's expenses incurred to calculate the amount of his back pay award. At the time Huey incurred these expenses, Title VII provided that "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs, and ... the United States shall be liable for costs the same as a private person."[5] 42 U.S.C. § 2000e–5(k) (1988). The Supreme Court has squarely rejected the argument that "attorney's fees" include expert fees. *West Virginia Univ. Hosps. v. Casey,* — U.S. ——, ——, 111 S.Ct. 1138, 1143, 113 L.Ed.2d 68 (1991). Additionally, "costs," as defined by 28 U.S.C. § 1920 (1988), do not include expert fees except when the expert acts as a witness or is appointed by the court. *Id.* at 1141 ("None of the categories of expenses listed in § 1920 can reasonably be read to include fees for services rendered by an expert employed by a party in a nontestimonial advisory capacity."). Neither of these exceptions apply to Huey's claim for accountant's expenses. Thus, unless there is some other statutory basis for awarding Huey accountant's expenses, the district court's order is correct.

Huey argues that § 2412(d) of the Equal Access to Justice Act (EAJA) provides the necessary statutory authorization for an award of expert fees. This provision provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States *fees and other expenses* ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (1988) (emphasis added). The EAJA defines "fees and other expenses" as including the "reasonable cost of any study [or] analysis." *Id.* § 2412(d)(2)(A). The Supreme Court has stated that "the reasonable cost of a 'study' or 'analysis' ... is but another way of describing nontestimonial expert services." *West Virginia Univ. Hosps.,* — U.S. at ——, 111 S.Ct. at 1143. Accordingly, if this provision applies to Huey's Title VII action, he is entitled to reimbursement for accountant's expenses.

We conclude that § 2412(d) does not apply to Title VII actions. *Cf. EEOC v. Kimbrough Inv. Co.,* 703 F.2d 98, 103 (5th Cir.1983) (holding that attorney's fee provisions of the EAJA do not apply to Title VII actions). Congress expressly qualified the application of this provision in two ways. First, the provision begins with the phrase "[e]xcept as otherwise specifically provided by statute." Second, Congress enacted a separate savings provision which provides:

> [N]othing in section 2412(d) of title 28, United States Code, as added by section 204(a) of this title, *alters, modifies,* repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States.

Equal Access to Justice Act, Pub.L. No. 96–481, § 206, 94 Stat. 2330 (1980), *amend-*

---

**4.** Given that the back pay award was paid prior to the 1991 Act's effective date and the expert fees, discussed later in this opinion, also were incurred prior to this date, this court's decision in this case is consistent with *Simmons v. Lockhart,* 931 F.2d 1226, 1228–30 (8th Cir.1991).

**5.** Section 113 of the Civil Rights Act of 1991, Pub.L. No. 102–166, § 113, 105 Stat. 1071, 1079 (codified at 42 U.S.C. § 2000e–5(k)), amended

this provision to allow for the shifting of expert fees. Huey, however, incurred his expert fees prior to the effective date of this Act and we do not believe that this provision applies retroactively. *See Fray,* 960 F.2d at 1377–78; *Ardestani,* — U.S. at ——, 112 S.Ct. at 520 (waivers of sovereign immunity must be strictly construed in favor of the United States).

*ed by* Pub.L. No. 99–80, § 3, 99 Stat. 186 (1985) (emphasis added). To "alter" or "modify" means to change or make different. Webster's II Dictionary 96, 762 (1984). The savings provision in no way qualifies the type of change that it prohibits. Accordingly, we interpret this provision as prohibiting § 2412(d) from either narrowing or broadening the award of fees allowed by other provisions of federal law. Because Title VII allowed courts to shift only attorney's fees, application of § 2412(d) to Title VII actions would "alter" or "modify" its fee shifting provision by allowing courts also to award expert fees.

This interpretation is supported by the legislative history of the EAJA which provides:

> [S]ubsection [2412(d)] applies to all civil actions except ... those already covered by existing fee-shifting statutes.... Moreover, this section is not intended to replace or supersede any existing fee-shifting statutes such as ... the Civil Rights Acts ... or to alter the standards or the case law governing those Acts. It is intended to apply only to cases (other than tort cases) where fee awards against the government are not already authorized.

H.R.Rep. No. 1418, 96th Cong., 2d Sess. 18, *reprinted in* 1980 U.S.C.C.A.N. 4953, 4997. At the time EAJA was enacted, Title VII already authorized specific fee awards against the federal government. Accordingly, we uphold the district court's denial of accountant's expenses.

### D.  Additional Attorney's Fees

■  Finally, Huey claims that he is entitled to attorney's fees incurred after February 8, 1989. Under Title VII, Huey is entitled to attorney's fees only if he is a "prevailing party." 42 U.S.C. § 2000e–5(k). The Supreme Court has stated that "respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). "[A]t a minimum, to be considered a prevailing party ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792, 109 S.Ct. 1486, 1488, 103 L.Ed.2d 866 (1989). We agree with the district court that Huey did not prevail on any issue going to the merits of his claim after February 8, 1989. The district court found against Huey on his claim for additional relief, and we affirm. Huey's argument that he is a prevailing party because the district court found that it had jurisdiction to hear the lawsuit and retained jurisdiction to oversee the Agency's execution of the judgment is entirely without merit. Establishing jurisdiction is a procedural victory that does not justify fee shifting. *See Hanrahan v. Hampton,* 446 U.S. 754, 759, 100 S.Ct. 1987, 1990, 64 L.Ed.2d 670 (1980) (per curiam) (procedural and evidentiary rulings may affect the disposition on the merits, but are themselves not matters on which a party can "prevail" for purposes of shifting counsel fees).

### III.

In conclusion, we affirm the district court's denial of interest on the back pay award, accountant's expenses, and additional attorney's fees.[6]

---

6. Our disposition of this appeal leaves the district court free to enforce the judgment, including ruling on Huey's application for review of the position offered to him by the Agency. In fact, we question whether it was necessary for the court to forego ruling on this application while this appeal was pending. *See, e.g., NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 588 (6th Cir.1987) (even though appeal is pending, "district court has jurisdiction to enforce its judgment so long as the judgment has not been stayed or superseded"); *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1240 (7th Cir.1986) (same).