Robert FERGUSON, Plaintiff,

v.

**HIRAM WALKER & SONS, INC.,** Defendant.

No. 92–2173.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

May 10, 1993.

Matthew Horan, Ft. Smith, AR, for plaintiff.

Randall McGinnis, Ft. Smith, AR, William W. Cody, St. Louis, MO, for defendant.

ORDER

HENDREN, District Judge.

NOW on this 6th day of May, 1993, comes on for consideration defendant's Motion to Dismiss and Motion to Strike (Pleading

\# 10). A hearing was held on the motion on April 22, 1993, with all counsel being present. At the hearing, the Court was advised of a recent Eighth Circuit case of *Hughes v. Matthews*, 986 F.2d 1168 (8th Cir.1992), which was stated to be relevant to the issues presented in the Motion to Dismiss. After hearing the arguments of counsel, the Court advised that it would review the *Hughes* case and issue a ruling soon thereafter. After reviewing *Hughes* as well as other relevant law, the Court hereby finds that the Motion to Dismiss is well taken and should therefore be, and hereby is granted.

In his discrimination complaint, plaintiff seeks to recover damages for alleged violations under "Title VII, the Civil Rights Act of 1964; the Age Discrimination in Employment Act; and ERISA." Plaintiff alleges that he was discriminated against by defendant in the termination of his employment in March of 1991 because: "white male workers doing the same or similar acts were not terminated; (b) white female workers doing the same or similar acts were not terminated; (c) workers under forty years of age were not terminated for doing the same or similar acts." He also alleges that defendant stood to enjoy considerable savings under its ERISA Plan if it could terminate plaintiff, and this motive played a contributing or controlling part in defendant's decision. Plaintiff contends that the race, age, and gender of the plaintiff also played a contributing or controlling part in defendant's decision to terminate plaintiff. Finally, plaintiff contends that he placed the issue of the pretextuality of defendant's conduct before the Arkansas Appeals tribunal in his application for unemployment benefits and that the tribunal concluded that plaintiff was not discharged for misconduct on the job. Plaintiff contends that this finding is *res judicata* or should collaterally estop defendant from re-litigating pretextuality.

In the Motion to Dismiss and Motion to Strike, defendant moves to dismiss all of plaintiff's claims of discrimination made in plaintiff's complaint under 42 U.S.C. Section 1981; all of plaintiff's claims for double damages for alleged willful behavior that are premised on Title VII, the Civil Rights Act of 1964; and any extra contractual monetary damage claims, including compensatory or double damages that are premised on ERISA. Such motion also moves the Court to strike plaintiff's demand for jury trial premised upon his Title VII claims and ERISA claims. The Court will first address the *Hughes* holding, since the question of retroactivity of the Civil Rights Act of 1991 is crucial to the issues raised by the motion, and will then apply the holding in *Hughes*, as well as other relevant law, to the case at bar.

In *Hughes v. Matthews*, 986 F.2d 1168 (8th Cir.1992), the Eighth Circuit commented as follows concerning the previous rulings in *Fray v. Omaha World Herald Co.*, 960 F.2d 1370 (8th Cir.1992) and *Huey v. Sullivan*, 971 F.2d 1362 (8th Cir.1992):

... In *Fray*, this court held that section 101 of the Act [Civil Rights Act of 1991], which legislatively overruled *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), did not apply to conduct occurring before the Act's effective date of November 21, 1991. 960 F.2d at 1378. This court recognized the conflict between *Bradley v. Richmond School Bd.*, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), and *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988). In *Bradley*, the Court held that a new statute should be applied retroactively "unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary." 416 U.S. at 711 [94 S.Ct. at 2016]. In *Georgetown Hospital*, the Court held that "congressional enactments ... will not be construed to have retroactive effect unless their language requires this result." 488 U.S. at 208, 109 S.Ct. at 471. Although this court tended to believe that *Georgetown Hospital* enumerated the better rule, under either analysis this court could not find sufficient evidence in the language or legislative history of the Act to support retroactive application of section 101. 960 F.2d at 1378. In *Huey*, this court relied on *Fray* to hold that section 113, which allows a court to award expert witness fees as part of the attorney's fee, and section 114, which provides for interest on back pay awards for

federal employees, were not to be applied retroactively. 971 F.2d at 1365–66 & n. 5. We believe these cases support the district court's holding that section 102(c) does not apply retroactively.

*Hughes,* 986 F.2d at 1169–70 (footnotes omitted).

In *Hicks v. Brown Group, Inc.,* 982 F.2d 295 (8th Cir.1992), *petition for cert. filed,* (U.S. Mar. 23, 1993), the Eighth Circuit noted that the *Fray* analysis has been applied in holding that other provisions of the 1991 Act do not apply retroactively.

> Like this case, *Fray* involved the question whether § 101(2)(b) of the 1991 Act is retroactive. We have applied the *Fray* analysis in holding that other provisions of the 1991 Act do not apply retroactively. *See Hughes v. Matthews,* 980 F.2d 734 (8th Cir.1992) (§ 102(c)); *Davis v. Tri–State Mack Distribs., Inc.,* 981 F.2d 340 (8th Cir.1992) (§ 113); *Parton v. GTE North, Inc.,* 971 F.2d 150, 155–56 (8th Cir.1992) (§ 102); *Huey v. Sullivan,* 971 F.2d 1362, 1365 (8th Cir.1992) (§ 114).

*Hicks,* 982 F.2d at 296, n. 1.

The Court in *Hughes* further recognized arguments often asserted in cases involving retroactivity that a critical factor is whether the new laws are substantive or procedural. The Court stated:

> We note that the Fifth Circuit has recently held that sections 102(b) and (c) of the Act do not apply retroactively. As did the district court in this case, the court in *Landgraf v. USI Film Prod.,* 968 F.2d 427, 433 (5th Cir.1992), *petition for cert. filed* [—— U.S. ——, 113 S.Ct. 1250, 122 L.Ed.2d 649], 61 U.S.L.W. 3371 (U.S. Oct. 28, 1992) (No. 92–757), recognized that in certain circumstances courts apply procedural rules to pending cases. The Fifth Circuit, however, noted that the determination of whether to apply a change in the law retroactively was not "controlled by formal labels of substantive or remedial changes." *Id.* Instead, the court believed the focus should be on the "practical effects the amendments have upon the settled expec-

tations of the parties." *Id.* Under the Bradley analysis, the court refused to apply the Act's amended damage provisions retroactively. The court believed "[i]t would be an injustice ... to charge individual employers with anticipating the change in damages under Title VII." *Id.* The court characterized the addition of compensatory and punitive damages as a "seachange in employer liability." *Id.*

*Hughes,* 986 F.2d at 1170.[1]

Based upon the language above, the Court is of the opinion that in determining whether the Civil Rights Act of 1991 is to be applied retroactively, the Eighth Circuit would not focus on whether the new law is substantive or remedial, but rather the practical effects the amendments have upon the settled expectations of the parties, and that in this case, the Civil Rights Act of 1991 should not be applied retroactively.

1. *Plaintiff's Claims Based upon Alleged Discrimination in Violation of 42 U.S.C. Section 1981*

▮▮▮ Plaintiff argues that the 1991 amendments pre-dated the filing of the lawsuit and attempts to thereby distinguish this case from those where the amendments were enacted during appellate review. Plaintiff further argues that the amendments only alter the remedy and not plaintiff's rights. Finally, plaintiff argues that plaintiff's lawsuit does not attack "post-formation" conduct. The Court finds plaintiff's arguments unpersuasive on this issue.

First, the Court believes that, based upon the language in *Fray,* the 1991 Act does not apply to conduct occurring "before the Act's effective date of November 21, 1991." *Id.,* 960 F.2d at 1378. Therefore, plaintiff's argument that a distinction should be made between cases where the 1991 amendments were enacted during appellate review and those where the amendments pre-dated the filing of the lawsuit is unavailing.

Next, the Court believes the Eighth Circuit would not find plaintiff's arguments re-

---

1. In *Landgraf,* the petition for certiorari has been granted in part at —— U.S. ——, 113 S.Ct. 1250,

lating to remedial versus substantive, persuasive in light of its reference in *Hughes* to the Fifth Circuit case of *Landgraf.* Finally, the Court is not convinced by plaintiff's argument that plaintiff's lawsuit does not attack "post-formation" conduct.

Prior to the enactment of the Civil Rights Act of 1991, plaintiff could not seek relief under Section 1981 for discriminatory discharge. *Patterson v. McLean Credit Union,* 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989); *Taggart v. Jefferson County Child Support Enforcement Unit,* 935 F.2d 947 (8th Cir.1991) (en banc). In *Patterson,* the Court held that discrimination claims invoking post-formation conduct were not actionable. In this case, all of plaintiff's arguments are related to the fact that he was terminated—an act clearly not covered by Section 1981 under *Patterson.*

Based upon the foregoing, the Court finds that plaintiff's claims based upon discrimination in violation of 42 U.S.C. Section 1981 should be dismissed for failure to state a claim upon which relief can be granted.

2. *Plaintiff's Claims for Double Damages and Damages other than Equitable Damages under Title VII nor ERISA*

 Based upon this Court's holding that the 1991 Civil Rights Act does not apply retroactively, plaintiff's request for double damages and damages other than equitable damages under Title VII must be dismissed. Plaintiff's recovery for damages, if any, will be limited as provided prior to the 1991 Act.

With respect to the ERISA claim, defendant contends plaintiff's ERISA claim appears to be essentially an allegation that his termination was an interference with his attainment of additional years credited towards a pension. That contention seems to the Court to be reasonable. A participant is not entitled to any extra contractual damages, and monetary damages other than those a participant is entitled to under the Plan are not allowed. *Novak v. Andersen Corp.,* 962 F.2d 757, 760 (8th Cir.1992), cert. denied 61 U.S.L.W. 3818 (U.S. June 7, 1993) (92–352). The only response made by plaintiff is that ERISA provides a private cause of action when an employer discharges an employee for the purpose of interfering with his pension and benefit plans. It is the Court's understanding that defendant does not argue that plaintiff may not bring an ERISA claim, but rather takes issue with all of the remedies plaintiff is seeking under ERISA.

The Court therefore finds that plaintiff is limited to the ERISA remedies outlined above.

3. *Plaintiff's Claim for Jury Trial under Title VII and ERISA*

Again, prior to the 1991 enactment, there was no right to trial by jury in a Title VII case, and based upon the Court's holding on retroactivity, the Court finds plaintiff is not entitled to a jury trial on the Title VII claim. Plaintiff is likewise not entitled to a jury trial under ERISA in this case. *In re Vorpahl,* 695 F.2d 318 (8th Cir.1982).

Based upon the foregoing, the Court hereby grants defendant's Motion to Dismiss and to Strike Jury Demand. Plaintiff's claims of discrimination premised upon Section 1981 are dismissed; plaintiff's claims for double damages premised upon Title VII and ERISA are dismissed; and plaintiff's jury trial demand for his Title VII claims and ERISA claims are dismissed.

IT IS SO ORDERED.