EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

CONSOLIDATED SERVICE SYSTEMS, Defendant.

No. 85 C 8312.

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1993.

Zachary Alan Tobin, Jason Stephen Hegy, John P. Rowe, U.S. E.E.O.C., Chicago, IL, for E.E.O.C.

Marvin F. Metge, Bruce Craig Spitzer, Gorham, Metge, Bowman & Hourigan, Cary K. Kabumoto, Kabumoto & Malany, Chicago, IL, for Consolidated Service Systems.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Defendant Consolidated Service Systems ("defendant") brings this application for fees under the Equal Access to Justice Act ("EAJA") against plaintiff Equal Employment Opportunity Commission ("EEOC"). Defendant's application is denied.

### BACKGROUND

The EEOC brought an action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., against defendant. The EEOC claimed that defendant had engaged in a pattern and practice of illegal discrimination against non-Koreans in the recruitment and hiring of employees. After a bench trial, this court found in favor of the defendant, and the case was dismissed in its entirety. *See* Opinion of September 4, 1991 ("Opinion #1") (reported at 777 F.Supp. 599). Defendant then requested the award of attorney's fees as a prevailing party under Section 706(k) of the Civil Rights Act of 1964. This court denied defendant's request in a written order issued on March 17, 1992, finding that the EEOC's action was not frivolous ("Opinion #2"). This court's rulings as to both the merits and attorney's fees were affirmed by the Seventh Circuit. *EEOC v. Consolidated Service Systems,* 989 F.2d 233 (7th Cir.1993).

Several statements made by the Seventh Circuit in their opinion clearly encouraged the defendant to file this second application for fees.

The first comment came after a summary regarding defendant's lack of success in seeking fees under Section 706(k):

> We do not know why the defendant did not request attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), under which its burden which would have been lighter. *McDonald v. Schweiker,* 726 F.2d 311, 316 (7th Cir.1983).

989 F.2d at 235.

The more substantial discussion occurred at the end of the opinion:

Although Consolidated has been dragged through seven years of federal litigation at outrageous expense for a firm of its size, we agree with the Commission that this suit was not frivolous. The statistical disparity gave the Commission a leg up, and it might conceivably have succeeded in its disparate-impact claim but for our intervening decision in *EEOC v. Chicago Miniature Lamp Works, supra* [, 947 F.2d 292 (7th Cir.1991) ]. Had the judge believed the Commissions's witnesses, the outcome even of the disparate-treatment claim might have been different. The Equal Access to Justice Act was intended, one might have thought, for just such a case as this, where a groundless but not frivolous suit is brought by the mighty federal government against a tiny firm; but Consolidated concedes its inapplicability. We do not know on what the concession is based—possibly on cases like *Escobar Ruiz v. INS*, 787 F.2d 1294, 1296 (9th Cir.1986), on rehearing, 838 F.2d 1020, 1027–28 (9th Cir.1988) (en banc), holding the Act inapplicable to statutes that have their own fee-shifting statutes—but other cases, such as *Gavette v. Office of Personnel Management*, 808 F.2d 1456, 1463–65 (Fed.Cir.1986), are *contra*. It may not be too late for Consolidated to reconsider its concession in light of our holding in *McDonald v. Schweiker, supra*, 726 F.2d at 314, regarding the deadline for seeking fees under the Act.

989 F.2d at 238.

Defendant accepted the Seventh Circuit's invitation and filed an application for attorneys' fees under EAJA.

### DISCUSSION

■ Title VII provides that a court, in its discretion, may award the prevailing party reasonable attorneys' fees. 42 U.S.C. § 2000e–5(k). However, to award attorney's fees to a *prevailing defendant*, the plaintiff's action must have been "frivolous, unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). This court concluded the lawsuit filed by the EEOC was not frivolous. *See* Opinion #2.

This court took note of the fact that the lawsuit was filed in 1985, yet the cases that impacted heavily on this court's analysis were not decided until 1989 (*Wards Cove Packing v. Atonio*, 490 U.S. 642, 109 S.Ct. 2115, 104 L.Ed.2d 733 (1989)) and 1991 (*Mozee v. American Commercial Marine Service Company*, 940 F.2d 1036 (7th Cir.1991)). *Id.*

■ A defendant's burden in showing an entitlement to fees, however, is lighter under EAJA than under Title VII. *Consolidated Service Systems*, 989 F.2d at 235.

EAJA provides that attorney's fees may be awarded in the following circumstances:

(d)(1)(A) *Except as otherwise provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses*, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which show that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(A) and (B). (emphasis added).

The government's position is only "substantially justified" if it has a solid, though not correct, basis in fact and law. *McDonald v. Schweiker*, 726 F.2d 311, 316 (7th Cir.1983). "Substantially justified" is a higher standard than "nonfrivolous." *Id.*

Defendant's application for fees under EAJA seems timely,[1] as the Seventh Circuit has held that an EAJA application is timely if filed less than 30 days after any appellate proceedings are completed. *McDonald*, 726 F.2d 311, 314–315 (7th Cir.1983). *See also Melkonyan v. Sullivan*, 501 U.S. 89, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991).

The issue before the court is whether EAJA applies in Title VII cases. The EEOC stresses that the majority of the federal appellate decisions hold EAJA is inapplicable. The EEOC further argues that the Seventh Circuit's "invitation" is mere dicta. Defendant, on the other hand, styles the Seventh Circuit's statements as a holding in their favor, and stress the equity of their position—a small company forced to litigate for years at ruinous expense against a government agency with a questionable case. Defendant asserts that the EEOC is not like a private plaintiff who might be deterred from vigorously asserting rights under Title VII out of fear of a fee award.

The federal circuit courts are in conflict on this issue, and our own circuit court has not definitively addressed the issue.[2] This court's duty is to examine the decisions of the other circuit courts, in the context of guidance provided by our circuit court, and select the appropriate rule. Ultimately, this determination will require a balancing of policies between Title VII and EAJA.

The only circuit courts that specifically addressed the issue have concluded EAJA does not apply to Title VII cases. The Fifth Circuit in *EEOC v. Kimbrough Inv. Co.*, 703 F.2d 98, 103 (5th Cir.1983) held that the EAJA does not apply to actions under Title VII, as Title VII has an explicit provision relating to the recovery of attorney's fees. The court stated that EAJA only applies to claims for attorney's fees where no other specific statute deals with the award of attorney's fees against the government. *Id.* The Fifth Circuit's position was adopted by the Eighth Circuit in *Huey v. Sullivan*, 971 F.2d 1362 (8th Cir.1992) U.S.App.Pndg. The *Huey* court stated that EAJA does not apply to Title VII actions, as the savings clause of EAJA prohibits EAJA from narrowing or broadening the award of fees allowed by other federal statutes. 971 F.2d at 1367.[3]

The Ninth Circuit reached a similar conclusion in *Escobar Ruiz v. INS*, 787 F.2d 1294 (9th Cir.1986) reh. 838 F.2d 1020 (9th Cir.1988) (en banc), holding that the "Except as otherwise specifically provided" language in EAJA indicates that EAJA was not intended to apply in actions under statutes with their own fee shifting provisions. 787 F.2d at 1296–97. The court emphasized the language of the House Judiciary Committee that EAJA "... applies to all civil actions except ... those already covered by existing fee-shifting statutes." *Id.* (Citing H.R.Rep. No. 1418, 96th Cong. 2nd Sess. 18 (1980), reprinted in 1980 U.S.Code Cong. and Ad. News 4953, 4984, 4997.) The Ninth Circuit concluded, however, that EAJA applied to INS cases, as Section 292 of the INS Act

---

1. EEOC initially argues that defendant's petition for fees under EAJA is barred by the doctrine of waiver (defendant failed to seek fees on this ground in earlier fee petition) and by law of the case (the earlier denial of fees under Section 706(k) was affirmed). (EEOC's Memorandum in Opposition, pp. 1–3.) The Court of Appeals' decision seemed to reject these matters in advance. Thus, this court will proceed to the merits.

2. As the issue was not before the Seventh Circuit, any comments on the issue in the opinion are clearly dicta. This court further notes that the comments are of a nature indicating curiosity as to why the matter was not raised below, not an

attempt to resolve the issue. *Consolidated Services*, 989 F.2d at 235.

3. The notes to EAJA contain a savings provision:

(a) Except as provided in subsection (b), nothing in section 2412(d) of title 28, United States Code, as added by section 204(a) of this title [subsec. (d) of this section], alters, modifies, repeals, invalidates, or supersedes any other provision of Federal law which authorizes an award of such fees and other expenses to any party other than the United States that prevails in any civil action brought by or against the United States.

was not a fee shifting provision. 838 F.2d at 1028.

As noted by our appellate court, the Federal Circuit reached a different result in a case under the Back Pay Act in *Gavette v. Office of Personnel Management,* 808 F.2d 1456 (Fed.Cir.1986). In *Gavette,* the government argued that because the Back Pay Act contained its own fee shifting provision, EAJA did not apply. 808 F.2d at 1463. The court disagreed, noting that the Back Pay Act had a very narrow fee shifting provision, which EAJA supplemented, rather than replaced or superseded. *Id.* at 1464–65. The Federal Circuit reaffirmed this position in *Beck v. Sec. of D.H.H.S.,* 924 F.2d 1029, 1038 (Fed.Cir.1991),[4] holding that the EAJA "may be used to supplement another statute's attorney's fee provision where the other statute has a more difficult or narrower standard for awarding fees."

Under the *Beck* analysis, EAJA could be used to supplement the narrow (at least for a defendant) fee shifting provision of the Civil Rights Act. Further, the policies behind EAJA seem broad enough to cover this case. "The EAJA was enacted largely to encourage individuals and small businesses to litigate against the government adverse determinations in administrative proceedings and civil actions, regardless of the cost of such litigation." *Berman v. Schweiker,* 713 F.2d 1290, 1295 (7th Cir.1983). EAJA, in effect, prevents individuals from being easily deterred from "challenging government actions due to the high cost of civil litigation." *Id.* Further, EAJA may compensate parties from expenses incurred in defending against unreasonable government action. *Id.* (citing Robertson and Fowler, *Recovering Attorneys' Fees from the Government Under the Equal Access to Justice Act,* 56 Tulane L.Rev. 903, 944 (1982).) That EAJA may deter the government from taking inappropriate positions has also been noted. *Id.* 713 F.2d at 1296. Thus, a party who litigates an issue against the government, perhaps to correct an erroneous agency decision, is "also refining and formulating public policy." *Id.*

As noted by the Seventh Circuit, allowing fees under EAJA in this case could advance EAJA's policies. A small company was forced to litigate for years, at near crushing expense, against a governmental agency. *Consolidated,* 989 F.2d at 238. The agency's position, while not "frivolous", was weak. Defendant ultimately succeeded in correcting the government's erroneous position. Granting fees in this case would serve two purposes:

—compensate defendant for expenses incurred in defending against an unreasonable government position;

—deter future improper action by the EEOC.

The policies of EAJA, however, are not the only federal policies involved in this case. The Civil Rights Act's policies are also implicated.

The Supreme Court has held that recovery of fees under 706(k) of Title VII is based upon a two-tiered standard. A prevailing plaintiff is ordinarily awarded attorney's fees in all but unusual circumstances. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978). *See also Independent Fed. of Flight Attendants v. Zipes,* 491 U.S. 754, 760, 109 S.Ct. 2732, 2736, 105 L.Ed.2d 639 (1989). A prevailing defendant may only obtain attorney's fees upon a finding that plaintiff's action "was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith." *Id.* 434 U.S. at 420, 98 S.Ct. at 700; *Independent,* 491 U.S. at 760, 109 S.Ct. at 2736. The Supreme Court found this double standard necessary, as assessing fees against plaintiffs simply because they did not prevail would "add to the risks inherent in most litigation and would undercut the efforts of Congress to promote vigorous enforcement of the provisions of Title VII." *Id.* 434 U.S. at 422, 98 S.Ct. at 701.

Significantly, the Supreme Court addressed the issue of whether the EEOC should be treated under a different standard than other plaintiffs. *See Christiansburg,* 434 U.S. at 422 n. 20, 98 S.Ct. at 701 n. 20. The Court concluded that the EEOC should be treated under the same standard as any

4. This case was brought under the National   Childhood Vaccine Injury Act.

other losing plaintiff. *Id.* The petitioner argued (as does the defendant in this case) that the EEOC does not need the protection of the higher "prevailing defendant" standard, as the EEOC is required to vigorously enforce Title VII, and the EEOC need not fear heavy fee awards as it has the coffers of the U.S. government at its disposal. *Id.* The Supreme Court rejected these arguments in *Christiansburg* and concluded that the EEOC, as an agency with a budget, could be adversely impacted by such awards. *Id.* Further, the Court specifically noted the equities of both a Title VII plaintiff and Title VII defendant's positions, specifically that "many defendants in Title VII claims *are small-and-moderate-size employers for whom the expense of defending even a frivolous claim may be a strong disincentive* to the exercise of their legal rights." *Id.* (emphasis added). The Court nonetheless concluded the two tiered standard was appropriate, as best serving the balance struck by Congress.

This court concludes that permitting EAJA to apply in Title VII cases would subvert the balance set by Congress. The *Huey* court held that the savings clause indicates § 2412(d) cannot narrow or broaden the award of fees under other federal statutes. 971 F.2d at 1367. The court deemed the legislative history critical:

> [S]ubsection [2412(d)] applies to all civil actions except ... those already covered by existing fee-shifting statutes.... Moreover, this section is not intended to replace or supersede any existing fee shifting statutes such as ... the Civil Rights Acts ... *or to alter the standards or the case law governing those acts.* It is intended to apply only to cases (other than tort cases) where fee awards against the government are not already authorized. H.R.Rep. No. 1418, 96th Cong., 2 Sess. 18, reprinted in 1980 U.S.C.C.A.N. 4953, 4997.

*Id.* 971 F.2d at 1367 (emphasis added). Congress apparently viewed EAJA as inapplicable to the Civil Rights Act.

Currently in a Title VII case, the prevailing plaintiff can usually recover fees, while a prevailing defendant can only recover fees if the plaintiff's case was frivolous. As noted by the Supreme Court, the equities of both plaintiffs and defendants have been balanced in the decision to construct a two-tiered standard for prevailing parties. Vigorous enforcement of the Civil Rights Act is best served by only allowing defendants to recover their attorneys' fees where the plaintiff's action was frivolous. Thus, there is a marked difference in standards by which plaintiffs and defendants may collect fees. If the EAJA were to apply to Civil Rights cases, prevailing defendants may collect fees in actions brought by government agencies if the plaintiffs' position was not "substantially justified." This would result in far more than a "supplement" to the Title VII standard; it would place plaintiffs and defendants on much more equal footing. This "equal footing" would subvert the two-tiered standard, intended by Congress, as recognized by the Supreme Court in *Christiansburg*, 434 U.S. at 422, 98 S.Ct. at 701. The legislative history of EAJA makes it clear that Congress did not intend for EAJA to modify, alter or supersede any other statute in the federal fee shifting scheme. *Huey*, 971 F.2d at 1367.

Defendant's contention that the government would not be deterred by allowing fees in such cases is unpersuasive. The Supreme Court has noted that the EEOC faces some of the same constraints as a private plaintiff and should be treated under the same standard as a private plaintiff. *Christiansburg*, 434 U.S. at 422 n. 21, 98 S.Ct. at 701 n. 21. The rule defendant advances of allowing prevailing defendants to obtain fees under a more liberal standard against the government than against private plaintiffs would obviously alter and modify the balance set in Title VII. If Congress desires to do that, it can by statute.

## CONCLUSION

For the reasons stated above, defendant's petition for fees under EAJA is DENIED.