23 F.3d 1478
 64 Fair Empl.Prac.Cas. (BNA) 1682,
64 Empl. Prac. Dec. P 43,138
Sammie L. WRIGHT, Appellant,
v.
GENERAL DYNAMICS CORPORATION and Ray Sabin, in his official
and individual capacities, Appellees.
 No. 92-2428.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 14, 1993.
Decided May 20, 1994.
 
 Michael L. Selmi, Washington, DC, argued (Richard Quiggle, Little Rock, AR, and Richard T. Seymour, Washington, DC, on the brief), for appellant.
 Dennis L. Shackleford, El Dorado, AR, argued, for appellees.
 Before LOKEN and HANSEN, Circuit Judges, and VAN SICKLE,* District Judge.
 HANSEN, Circuit Judge.
 
 
 1
 Sammie L. Wright filed a complaint on April 13, 1989, against her employer, General Dynamics, and her supervisor, Ray Sabin. Wright sought relief pursuant to Title VII, 42 U.S.C. Sec. 2000e et seq., for Sabin's alleged sexual harassment of her. On December 10, 1991, Wright moved to amend and supplement her complaint to seek compensatory and punitive damages as well as a jury trial as provided for in the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071. The district court[1] denied her motion and certified the order for interlocutory appeal. We affirm.
 
 
 2
 Sections 102(a)(1) and 102(b) of the Civil Rights Act of 1991, codified at 42 U.S.C. Secs. 1981a(a)(1) and 1981a(b), make compensatory and punitive damages available for intentional violations of Title VII. Section 102(c) of the Civil Rights Act of 1991, codified at 42 U.S.C. Sec. 1981a(c), provides for a right to trial by jury when such damages are sought. The issue on appeal is whether these provisions of the Civil Rights Act of 1991 apply retroactively to this case, which was pending on November 21, 1991, the date of the Act's enactment. We postponed filing an opinion in this case pending the outcome of a case granted certiorari by the Supreme Court. The Supreme Court has now issued an opinion on this issue, see Landgraf v. USI Film Prod., --- U.S. ----, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), which controls the outcome of this case.
 
 
 3
 In Landgraf, the Supreme Court found that the general presumption against statutory retroactivity applies to Section 102, and there exists no clear evidence of congressional intent to indicate that Section 102 should be applied retroactively. --- U.S. ----, 114 S.Ct. at 1507-08. Thus, Section 102 of the Civil Rights Act of 1991 should not be applied retroactively. See id. See also Hughes v. Matthews, 986 F.2d 1168, 1170 (8th Cir.1992) (holding that Sec. 102(c)--the provision for jury trial--does not apply retroactively).
 
 
 4
 We therefore hold that the provisions at issue in this case, Sections 102(a)(1), 102(b), and 102(c) of the Civil Rights Act of 1991, do not apply retroactively. Accordingly, we affirm the district court's denial of Wright's motion to amend and supplement her complaint.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas