**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2143

GENC ISLAMI,

Petitioner,

v.

ALBERTO GONZALES, UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF A
DECISION OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, <u>Circuit Judge</u>,
Hug,[*] <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

<u>James D. Christo</u>, on brief for petitioner.
<u>Jean B. Weld</u>, Assistant United States Attorney, United States Attorney's Office, and <u>Thomas P. Colantuono</u>, United States Attorney, on brief for respondent.

July 5, 2006

_____

[*]Of the Ninth Circuit, sitting by designation.

**Per Curiam**.  Genc Islami ("Islami"), an Albanian citizen who emigrated to the United States in 2000 on a fraudulent passport, applied for asylum, withholding of removal, and relief under the Convention Against Torture.  The BIA held that even assuming Islami had suffered past persecution, country conditions in Albania have changed and Islami no longer has a well-founded fear of persecution in Albania, and it dismissed his appeal.  Holding substantial evidence supports the BIA's decision, we DENY Islami's petition for review.

## I.  Background

Islami is a thirty year-old Albanian native who emigrated to the United States to escape mistreatment by the Albanian police for his expressive activities in opposition to the communist government then in power.  Islami conceded removability but applied for political asylum under Section 208 of the Immigration and Nationality Act, withholding of removal under Section 241(b)(3) of the Act, and relief under Article III of the Convention Against Torture.  Claiming past persecution "at the hands of the [Albanian] government, police and individuals it failed/refused to control," Islami testified to receiving two beatings by Albanian police, one in 1991 and one in 1998; to receiving death threats from persons who, Islami suspects, were former Secret Police officers; to authoring letters to U.S. Congressmen criticizing the Albanian government as abusive; and to his belief that the "Albanian government and/or its agents" would "kill" him if he returned to Albania because he "all the time has opposed the [communist]

government," and to his belief that the current government of Albania is, in fact, a communist government in disguise.[1]

The IJ found Islami's testimony to be credible but doubted that the two beatings in 1991 and 1998 and subsequent threats qualified as "persecution" on account of real or imputed anti-government political opinion. However, the IJ did not reach that issue because he found that Albanian country conditions had changed, and Islami no longer had an objectively well-founded fear of future persecution. Because the "clear probability" standard for withholding of removal and relief under the Convention Against Torture is more rigorous than the well-founded-fear requirement for asylum, the IJ denied all forms of relief and ordered Islami removed to Albania. The BIA agreed and dismissed the appeal.

## II.  Discussion

We have jurisdiction pursuant to 8 U.S.C. § 1252(d) because Islami exhausted his administrative remedies. See 8 U.S.C. § 1252(d)(1). We review findings of fact and credibility by the BIA "under a deferential 'substantial evidence' standard." Alvarez-Flores v. INS, 909 F.2d 1, 3 (1st Cir. 1990); Novoa-Umania v. INS, 896 F.2d 1, 2 (1st Cir. 1990) ("[W]e must uphold any finding of fact that is supported by 'substantial evidence.'"). BIA determinations of statutory eligibility for relief from

---

[1]  The State Department has concluded that many asylum requests by Albanians assert, as Islami does, that the present Socialist government is really the old Communist Party reconstituted; however, this is not borne out by Department of State documents, including *Albania* – Country Report on Human Rights Practices – 2003 (issued in 2004).

-3-

deportation, whether via asylum or withholding or removal, are conclusive if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Gebremichael v. INS, 10 F.3d 28, 31 (1st Cir. 1993). Absent an error of law, the BIA's decisions may be overruled only if the evidence "points unerringly in the opposite direction." Laurent v. Ashcroft, 359 F.3d 59, 64 (1st Cir. 2004).

An applicant for asylum bears the burden to prove the criteria for asylum, and the criteria for any withholding of removal requested. Nikijuluw v. Gonzales, 427 F.3d 115, 120 (1st Cir. 2005); Matter of Acosta, 19 I & N Dec. 211 (BIA 1985), modified on other grounds, Matter of Mogharrabi, 19 I & N Dec. 439 (BIA 1987). A credible showing of past persecution gives rise to a regulatory presumption that the applicant has a well-founded fear of future persecution. See In Re H, 21 I. & N. Dec. 337, 346 (BIA 1996); 8 C.F.R. § 208.13(b)(1). Islami criticizes the BIA's finding that the Attorney General successfully rebutted this presumption by showing changed country conditions in Albania.

Even if Islami had suffered past persecution, substantial evidence supports the BIA's finding conditions in Albania have improved. Islami's ordinary presumption of a well-founded fear is rebutted by a preponderance of evidence that "[t]here has been a fundamental change in circumstances such that [Islami] no longer has a well-founded fear of persecution in [his] country of nationality." 8 C.F.R. § 208.13(b)(1)(i)(A). We do not dispute that Islami's fear is subjectively genuine. However, his fear must also be objectively reasonable," Aguilar-Solis v. INS, 168 F.3d

-4-

565, 572 (1st Cir. 1999), shown "'by credible, direct, and specific evidence, ... facts that would support a reasonable fear that the petitioner faces persecution.'" Guzman v. INS, 327 F.3d 11, 16 (1st Cir. 2003). We hold that Islami's fear cannot be objectively reasonable because substantial evidence supports the BIA's finding that, today, Albanians need not have the same fear of significant police harassment on account of their political opinions.

Several recent political developments offer cause for optimism, at least on paper. Albania is now a republic comprised of a multi-party parliament. Its constitution expressly prohibits police and other governmental authorities from engaging in torture, degrading or inhumane treatment, or forcibly obtaining confessions. It provides for an independent judiciary, the right to a fair, speedy and public trial, freedom of assembly, and peaceful change of government. The Albanian Penal Procedures Code provides guidelines for the detention of suspects, in addition to counsel for indigent detainees. Moreover, Albania appears to have joined several international human rights agreements, including the International Covenant on Civil and Political Rights; the United Nations Convention Against Torture; the European Convention for the Protection of Human Rights and Fundamental Freedoms ("ECHR"); the European Convention for the Prevention of Torture and Inhuman or Degrading Treatment or Punishment; and Protocol No. 6 to the ECHR abolishing the death penalty.

The Albanian Parliament has elected a national People's Advocate charged with investigating and prosecuting official abuses, including police mistreatment, and successful prosecutions

have occurred. Amnesty International reports that human rights training is now provided to the police by international human rights organizations at a centralized police academy. And the latest evidence shows these steps may be having an effect: political killings or disappearances appear to have declined; elections have had fewer irregularities; political parties, trade unions, and various social groups, although still facing political pressure, may now publish their own newspapers; and human rights groups in Albania report fewer incidents of police beatings. Where police beatings have occurred, there have been reports of successful prosecutions.

Although police brutality does remain a problem in Albania, substantial evidence suggests that it is one of abuse of authority. It does not appear to be directed at repressing political viewpoints. Every Albanian citizen is a potential victim. Yet, this fact does not render every Albanian citizen eligible for political asylum in the United States. In Islami's case, substantial evidence supports the BIA's finding that, in light of the many changes Albania has experienced over the six years since Islami left, there is simply no reason to believe that Islami's return would be met with any more than indifference – and certainly not that Islami would immediately be singled out for persecution.

Islami terminated his membership in the Albania Youth Democratic Party Forum in 1994, he is not a member of the current opposition Democratic Party, and Islami offered no evidence that his political involvements since 2000 have drawn the attention of the new Socialist government, or its supporters. Moreover,

-6-

"[t]here is nothing in the State Department reports that indicate that the Socialist party routinely arrests, jails, or persecutes members of the Democratic Party."  Hasalla v. Ashcroft, 367 F.3d 799, 804 (8th Cir. 2004) (holding that changed country conditions in Albania rebutted a presumption that an Albanian Democratic Party member persecuted under the communist regime and harassed from 1995 through 1998 had a well-founded fear that he would suffer future persecution).  To the contrary, the Democratic Party is now the second largest party in the Albanian Parliament, with significant representation.

## III.  Conclusion

Although changed country conditions will not automatically rebut an applicant's presumption of well-founded fear, the evidence here negates Islami's well-founded fear of future persecution. See Fergiste v. INS, 138 F.3d 14, 19 (1st Cir. 1998) ("[C]hanges in country conditions must be shown to have negated the particular applicant's well-founded fear...").  Therefore, because substantial evidence supports the BIA's affirmance of the IJ's denial of asylum, withholding of removal, and relief under the Convention Against Torture, we DENY Islami's petition.