**A.L.T. CORPORATION,**
**Plaintiff-Appellant,**

**v.**

**SMALL BUSINESS ADMINISTRATION,**
**Defendant-Appellee.**

No. 87–5506
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 31, 1987.

Daniel R. Rutherford, San Antonio, Tex., for plaintiff-appellant.

Helen M. Eversberg, U.S. Atty., Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., for defendant-appellee.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The sole issue is whether post-judgment interest may be awarded against the Small Business Administration, an agency of the United States government. We affirm the district court judgment rejecting the claim for such interest on the basis of sovereign immunity.

## I.

In a prior appeal, we enforced a state court judgment against the Small Business Administration for $30,000.[1] Thereafter, the plaintiff, A.L.T. Corporation, filed a motion to enter judgment in the amount of $30,000 plus post-judgment interest from the date of the original judgment, October 25, 1982. The district court entered judgment for the principal amount but concluded that the United States had not waived its sovereign immunity for an award of post-judgment interest in this type of case.

## II.

It is axiomatic that the United States is immune from suit and, if it consents to suit, that its consent waives its immunity only to the extent of the consent.[2] Moreover, as the Supreme Court recently reiterated in *Library of Congress v. Shaw,*[3] the United States is immune from awards of interest absent an "express congressional consent to the award of interest separate from a general waiver of immunity to suit."[4] A.L.T., however, relies upon an exception to this presumption of immunity against interest. The *Shaw* court also stated that the no-interest rule does not apply when "the Government has cast off the cloak of sovereignty and assumed the status of a private commercial enterprise."[5]

According to well established Supreme Court precedent, recently applied by the Court in *Franchise Tax Board v. United States Postal Service,*[6] when Congress " 'establishes ... an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to "sue and be sued," it cannot be lightly assumed that restrictions on that authority are to be implied.' "[7] Thus, when Con-

1. *A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451 (5th Cir.1986).

2. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *United States v. Shaw,* 309 U.S. 495, 500–01, 502, 60 S.Ct. 659, 661, 662, 84 L.Ed. 888 (1940).

3. —— U.S. ——, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986).

4. *Id.,* 106 S.Ct. at 2961.

5. *Id.,* 106 S.Ct. at 2963 n. 5.

6. 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984).

7. *Franchise Tax Board v. United States Postal Service,* 467 U.S. 512, 517, 104 S.Ct. 2549, 2552–53, 81 L.Ed.2d 446 (1984) (quoting *Federal Housing Administration v. Burr,* 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940)).

gress launches an agency into the commercial world and allows it to sue and be sued, the agency assumes the status of a private enterprise for purposes of judicial process.[8] Congress has permitted the Administrator of the Small Business Administration to "sue and be sued" in state or federal court,[9] and has authorized it to guarantee or make loans to small businesses and other organizations.[10] Consequently, *Franchise Tax Board* and *Shaw* suggest that Congress has waived the Small Business Administration's immunity against awards of interest.

█ In this circuit, however, whether an agency assumes the status of a private enterprise for purposes of interest awards also depends upon the extent to which its activities are commercial in nature. Last year in *R & R Farm Enterprises, Inc. v. Federal Crop Insurance Corp.*,[11] a panel of this court examined the reasons given by the Supreme Court for allowing an award of interest in *Standard Oil Co. v. United States*,[12] but for finding immunity against such an award in *United States v. Worley*,[13] and concluded that the waiver question turns on whether the government agency's activities are primarily commercial and whether those activities aspire to profitability.[14]

█ Like the Federal Crop Insurance Corporation in *R & R Farm Enterprises*,[15] the Small Business Administration is not financially self-sufficient, but depends upon annual appropriations from Congress to fund its programs,[16] and it was established to provide services that, while commercial in nature, would not otherwise be supplied by the private market.[17] Moreover, many of its services, for example, counseling, training, and legal guidance,[18] do not involve business transactions at all. Consequently, the Small Business Administration's sue-and-be-sued clause does not waive its immunity against awards of postjudgment interest.

The Fourth,[19] Ninth,[20] and Eleventh[21] Circuits have construed sue-and-be-sued clauses to waive immunity against awards of interest. Each of these decisions, however, involved the United States Postal Service, an agency designed to be self-supporting and run very much like a business.[22] Moreover, in the absence of a federal postal service, private companies would offer the same services. Although the analyses differ, then, the results of our sister circuits are consistent with our approach in *R & R Farm Enterprises* and this case.

█ A.L.T. also relies upon the generalized language of 28 U.S.C. § 1961(a), the text of which is set forth in the footnote,[23]

**8.** *Franchise Tax Board,* 467 U.S. at 518, 104 S.Ct. at 2553 (quoting *Federal Housing Administration,* 309 U.S. at 245, 60 S.Ct. at 490).

**9.** 15 U.S.C. § 634(b)(1) (1982).

**10.** 15 U.S.C. § 636 (1982).

**11.** 788 F.2d 1148 (5th Cir.1986).

**12.** 267 U.S. 76, 45 S.Ct. 211, 69 L.Ed. 519 (1925).

**13.** 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887 (1930).

**14.** *R & R Farm Enterprises,* 788 F.2d at 1153.

**15.** *Id.* at 1153–54.

**16.** 15 U.S.C. § 633(c)(5)(A) (1982).

**17.** 104 Cong.Rec. 12,801 (1958).

**18.** 15 U.S.C. § 636(j) (1982).

**19.** *White v. Bloomberg,* 501 F.2d 1379, 1385–86 (4th Cir.1974).

**20.** *Hall v. Bolger,* 768 F.2d 1148, 1151–52 (9th Cir.1985).

**21.** *Nagy v. United States Postal Service,* 773 F.2d 1190 (11th Cir.1985).

**22.** *Franchise Tax Board,* 467 U.S. at 519–20 & n. 13, 104 S.Ct. at 2553–54 & n. 13.

**23.** (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

as a basis for obtaining interest in this case. Whether § 1961(a) waives sovereign immunity for awards of post-judgment interest has been exhaustively and recently considered by the District of Columbia Circuit, and that circuit concluded that § 1961(a) does not.[24] We find the reasoning of the District of Columbia Circuit persuasive and consistent with our previous decisions;[25] we therefore follow it.

A.L.T. contends alternatively that § 1961(c) relating to post-judgment interest in the Claims Court and Court of Appeals for the Federal Circuit is a waiver of sovereign immunity for post-judgment interest in this case. That contention is gossamer. This judgment was not rendered by either of those courts. Section 1961(c)(4) states that § 1961 does not affect interest in any court not specified in the section.

For these reasons, the judgment is AFFIRMED.

**24.** *Thompson v. Kennickell,* 797 F.2d 1015 (D.C. Cir.1986).

**25.** *Knights of the Ku Klux Klan v. East Baton Rouge Parish School Board,* 735 F.2d 895, 902 & nn. 8–9 (5th Cir.1984).