**Clara S. LEE, Plaintiff,**

v.

**Nicholas BRADY, Secretary of the Treasury, Defendant.**

**Civ. A. No. 87–0977.**

United States District Court, District of Columbia.

Aug. 13, 1990.

William S. Aramony, Katherine L. Garrett, Kator, Scott & Heller, Washington, D.C., for plaintiff.

Diane M. Sullivan, Asst. U.S. Atty., Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

In an opinion issued July 13, 1989, this Court found that defendant unlawfully discriminated against plaintiff Clara S. Lee in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794a, and that defendant had retaliated against plaintiff for her protected activities, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The parties thereafter conferred at length on numerous occasions and substantially agreed on most of the elements of relief. After consideration of the parties' memoranda regarding those issues still in dispute, the Court ordered full relief to plaintiff by Order dated March 26, 1990. Defendant now asks the Court to reconsider its grant of prejudgment interest on plaintiff's back pay award.

Defendant relies on the well-established principle that, absent an express statutory waiver, sovereign immunity protects the federal government from liability for prejudgment interest on damage awards. See *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 1968–69, 100 L.Ed.2d 549 (1988); *Library of Congress v. Shaw*, 478 U.S. 310, 315, 106 S.Ct. 2957, 2962, 92 L.Ed.2d 250 (1986). Both *Frank* and *Shaw* also recognize that Title VII does not itself contain an express consent to the assessment of prejudgment interest against the federal government. *Loeffler v. Frank, supra*, 486 U.S. at 559, 108 S.Ct. at 1971; *Library of Congress v. Shaw, supra*, 478 U.S. 310, 106 S.Ct. 2957.

Plaintiff argues, however, that the Back Pay Act, 5 U.S.C. § 5596, constitutes Congress' express waiver of sovereign immunity in this context. That statute grants federal employees the right to receive back pay when they have been affected by "an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowance or differentials of the employee." *Id*. at § 5596(b)(1). If an employee is entitled to an award under the statute, § 5596(b)(2)(A) provides that the award of back pay "shall be payable with interest."

In light of the express statutory language, this Court concludes that Congress intended the Back Pay Act to waive the sovereign immunity that would otherwise preclude the award of both back pay and prejudgment interest on that award.[1] *See also, Brown v. Marsh*, 713 F.Supp. 20, 24 (D.D.C.1989); *Parker v. Burnley*, 693 F.Supp. 1138, 1153 (N.D.Ga.1988), *modified*, 703 F.Supp. 925, 927 (N.D.Ga.1988); *Rollins v. Bennett*, 48 F.E.P. 1172, 1175 (W.D.Wash.1988). Contrary to defendant's suggestion, this waiver of sovereign immunity need not appear in Title VII itself.

---

**1.** The instant case, which involved an unlawful termination, is distinct from those cases cited by defendant which involved the failure to promote the complainants, a "personnel action" not covered by the Back Pay Act. *See Mitchell v. Secretary of Commerce*, 715 F.Supp. 409 (D.D.C.

1989); *Brown v. Marsh, supra*, 713 F.Supp. 20. Even in *Brown v. Marsh*, the Court found it "manifestly apparent" that the Back Pay Act waived the sovereign immunity as to back pay awards and prejudgment interest with respect to those "personnel actions" covered by the statute.

*See Loeffler, supra,* 486 U.S. at 563–565, 108 S.Ct. at 1973–75.

Accordingly, defendant's motion for reconsideration is DENIED and this Court's award of prejudgment interest on plaintiff's back pay award is affirmed.