40 F.3d 1152
 68 Fair Empl.Prac.Cas. (BNA) 32, 66 Empl.
Prac. Dec. P 43,480
Jesse A. EDWARDS, on behalf of himself and all others
similarly situated, Plaintiff-Appellant-Cross-Appellee,
v.
Manual C. LUJAN, Jr., United States Department of the
Interior, Minerals Management Service,
Defendants-Appellees-Cross-Appellants,
Richard C. Lafond and Mark S. Bove, Appellees.
 Nos. 91-1247, 91-1259.
 United States Court of Appeals,
Tenth Circuit.
 Nov. 23, 1994.
 
 Jesse A. Edwards, pro se.
 Stuart M. Gerson, Asst. Atty. Gen., Michael J. Norton, U.S. Atty., for State of Colorado, Marleigh D. Dover, Jonathan R. Siegel, Dept. of Justice, Washington, DC, for defendants.
 Before ANDERSON, REAVLEY* and HENRY, Circuit Judges.
 REAVLEY, Circuit Judge.
 
 
 1
 Jesse A. Edwards ("Edwards") brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., as amended, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 623(a) and (d) against the United States Department of Interior, Minerals Management Service ("MMS"). The district court found that Edwards had been unlawfully discriminated against in violation of Title VII and ordered that Edwards be retroactively promoted. The government does not appeal this order. After a subsequent hearing on remedies, the district court awarded back pay with post-judgment interest, attorney's fees with interest, and other equitable relief, but denied prejudgment interest, 738 F.Supp. 426. Both parties appeal the subsequent remedial order. We modify the judgment to eliminate the award of interest.**
 
 BACKGROUND
 
 2
 Edwards has worked for the Mineral Management Service, previously the Royalty Management Program, since 1976. Since 1979, he has been employed at the GS-12 level. In 1981, 1982, and 1983, Edwards applied for numerous positions which would have constituted promotions. He was rejected and filed complaints of discrimination. An EEOC Complaints Examiner concluded that Edwards had been a victim of discrimination and recommended that he be promoted to a GS-13 position retroactive to June 1981 and to a GS-14 position retroactive to June 1982. In response, on November 27, 1985, MMS promoted Edwards to a GS-13 position, retroactive to June 13, 1982. Edwards brought suit in federal district court.
 
 
 3
 The district court agreed with the Examiner and found that Edwards was discriminated against on the basis of race under Title VII of the Civil Rights Act of 1964. The court ordered that Edwards be promoted to GS-13, effective June 1981, and GS-14, effective June 1982, including back pay and other benefits. Subsequent to the initial order, during a hearing on remedies in the case, Edwards asked the court to reopen a vacancy announcement for a GS-15 position, arguing that the government's delay in abiding by the court's order to promote him to GS-14 prevented his application for two GS-15 positions. The court refused to re-open the announcement. The court's subsequent remedial order also denied an award of prejudgment interest, but allowed an award of post-judgment interest and interest on attorneys fees.
 
 
 4
 Edwards appeals contending that the vacancy announcement for the GS-15 position should have been reopened and that he was entitled to prejudgment interest on the back pay award. The government appeals the award of post-judgment interest and interest on attorneys fees. We agree with the government in all respects.
 
 DISCUSSION
 
 5
 A. The Government's Immunity from Interest Awards
 
 
 6
 The Supreme Court has held that "[i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." Library of Congress v. Shaw, 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). In Shaw, the Court went on to hold that Title VII did not contain a waiver of immunity from an interest award based on attorney's fees. Id. at 323, 106 S.Ct. at 2966.[1] As Shaw is applicable to this case, we vacate the district court's award of interest on its attorney's fees award.
 
 
 7
 The "no-interest" rule, affirmed in Shaw, states that the United States Government is immune from awards of interest in general and not only interest on attorney fee awards. Id. at 314, 106 S.Ct. at 2961. The Supreme Court has held that although Title VII did not provide the requisite waiver of immunity for interest on attorney's fees in Shaw, the requisite waiver may be supplied under certain circumstances by another statute. Loeffler v. Frank, 486 U.S. 549, 565, 108 S.Ct. 1965, 1974-75, 100 L.Ed.2d 549 (1988). Edwards sought an exception to the "no-interest" rule by relying on the Back Pay Act (the "Act") to argue that he was entitled to prejudgment interest on his award of back pay. The district court refused to award prejudgment interest, adopting the interpretation of the Back Pay Act given by the D.C. Circuit in Brown v. Secretary of Army, 918 F.2d 214, 216 (D.C.Cir.1990). We agree and also adopt Brown 's interpretation of the Back Pay Act.
 
 
 8
 Brown held that "the Back Pay Act, to the extent of its coverage, waives the federal government's sovereign immunity against prejudgment interest on Title VII back pay awards...." Id. at 218. Therefore, prejudgment interest is available if a case falls within the coverage of the Back Pay Act. That Act, however, expressly limits its coverage to back pay awards stemming from the unlawful "withdrawal or reduction" of compensation. 5 U.S.C. Sec. 5596(b)(1) (1980). This language excludes failures to increase someone's compensation, which is the case in a promotion denial. In 1978, Congress amended the Back Pay Act to include "the omission or failure to take an action or confer a benefit" within the scope of personnel actions covered by the Act. Pub.L. No. 95-454, Sec. 702, 92 Stat. 1111, 1216 (1978) (codified at 5 U.S.C. Sec. 5596(b)(3) (1980)). This language indicates that promotions may be included in the coverage of the Back Pay Act. Congress did not change, however, the language indicating that it covered only back pay awards stemming from the unlawful "withdrawal or reduction" of compensation.
 
 
 9
 The court in Brown reconciled the language by holding that the Back Pay Act covers illegal refusals to make mandatory promotions, but does not cover discretionary or noncompetitive promotions. If a promotion is mandatory or nondiscretionary, an increase in compensation is automatic and a failure to provide for that increase is a reduction in compensation. This interpretation is consistent with congressional intent evidenced in the legislative history of the 1978 amendment. As the D.C. Circuit noted, a Senate Report on the amendment stated that the reference to personnel action that is "unjustified or unwarranted" in the amended Back Pay Act means " 'acts of commission as well as omission with respect to nondiscretionary provision of law, Executive order, regulation, or collective bargaining agreement.' " Brown, 918 F.2d at 220 n. 4 (quoting S.REP. NO. 969, at 115, U.S.Code Cong. & Admin.News 1978, 2723, at 2837 (emphasis added)).
 
 
 10
 We adopt this interpretation of the Back Pay Act. The promotions at issue in this case were competitive and discretionary. Therefore, this case is not covered by the Back Pay Act. As there is no other basis for a waiver of immunity with respect to prejudgment interest, we affirm the district court's denial of prejudgment interest.
 
 
 11
 The district court did not indicate under what statute it found congressional consent to an award of post-judgment interest. We know of no authority for a waiver of immunity to post-judgment interest in this case and therefore vacate the district court's award of post-judgment interest.
 
 B. Re-opening of Vacancy Announcement
 
 12
 Because Edwards was not retroactively promoted to GS-14 until December 30, 1990, he was unable to apply for two GS-15 positions offered in a vacancy announcement at MMS. Edwards seeks a reopening of this announcement so that he can apply. The district court found that there was no evidence suggesting that had Edwards been promoted earlier, he would have secured either position offered. The district court concluded that Edwards' experience would have made him a weak candidate for the positions in question. The court made the factual determinations that a criteria for the positions in question was supervision of auditors and that Edwards had done no formal audit work since 1981 and had little experience supervising auditors. Edwards does not challenge these findings. "A court ... cannot under Title VII properly order the promotion of an employee to a position for which he or she is not qualified." Locke v. Kansas City Power & Light Co., 660 F.2d 359, 368 (8th Cir.1981) (citations omitted). The district court did not abuse its discretion in refusing to re-open the vacancy announcement.
 
 CONCLUSION
 
 13
 We modify the district court's judgment to vacate the award of post-judgment interest and interest on the attorney's fees award and affirm the judgment in all other respects.
 
 
 14
 AFFIRMED AS MODIFIED.
 
 
 
 *
 The Honorable Thomas M. Reavley, United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This case is therefore ordered submitted without oral argument
 
 
 [1]
 The Civil Rights Act of 1991 amended Title VII to allow for interest on awards against the government. Pub.L. No. 102-166, tit. I, Sec. 114, 105 Stat. 1079 (codified at 42 U.S.C. Sec. 2000e-16(d) (1991)). The Supreme Court has held, however, that several provisions of the Civil Rights Act are not to be retroactively applied. Landgraf v. USI Film Products, --- U.S. ----, ----, 114 S.Ct. 1483, 1508, 128 L.Ed.2d 229 (1994); Rivers v. Roadway Exp., Inc., --- U.S. ----, ---- - ----, 114 S.Ct. 1510, 1519-20, 128 L.Ed.2d 274 (1994). Although these decisions did not deal with the section of the Civil Rights Act related to interest, Sec. 114, the rationale for supporting the presumption against retroactive application to the sections at issue in those cases also supports a presumption against retroactive application of Sec. 114