Lillian D. WOOLF, Plaintiff–Appellant,

v.

Erskine B. BOWLES, Administrator, Small Business Administration, Defendant–Appellee.

No. 94–2337.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1995.

Decided June 16, 1995.

**ARGUED:** David Raymond Simonsen, Jr., Richmond, VA, for appellant. Debra Jean Prillaman, Asst. U.S. Atty., Richmond, VA, for appellee. **ON BRIEF:** Vickey A. Verwey, Richmond, VA, for appellant. Helen F. Fahey, U.S. Atty., Richmond, VA, for appellee.

Before RUSSELL, WIDENER, and LUTTIG, Circuit Judges.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge RUSSELL and Judge WIDENER joined.

## OPINION

LUTTIG, Circuit Judge:

Appellant Lillian Woolf was employed for many years by the Small Business Administration (SBA). In 1983, she filed an administrative complaint with the SBA under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, alleging that the SBA had discriminated against her on the basis of age, sex, and race, by failing to promote her and by refusing to reclassify her position. In August 1990, the SBA reached a final agency decision (FAD) on the complaint, finding discrimination on the failure-to-promote claim, and determining that she was entitled to retroactive promotion with "all appropriate benefits," plus reasonable fees and costs. J.A. at 8–10. This FAD did not resolve Woolf's reclassification claim, but the parties proceeded to settle that claim in October 1990. The Settlement Agreement concerning the reclassification claim stated that the SBA would provide Woolf with back pay, "necessary corresponding contributions to the Retirement System," and attorney's fees. J.A. at 11–13.

The SBA calculated that, under the terms of the FAD and the Settlement Agreement, it owed Woolf $15,776.50 in gross back pay. Woolf rejected this tendered amount, contending that it did not represent "a fair and equitable settlement" of her case because it did not include interest on the back pay. After unsuccessfully challenging the SBA's refusal to pay interest by filing an appeal with the EEOC, Woolf filed this action in the United States District Court for the Eastern District of Virginia, again seeking a ruling that she was entitled to interest on the back pay. The district court granted the SBA's motion for summary judgment, ruling that no document in the case, and no statute, allowed Woolf to recover interest against the SBA. We affirm.

### I.

▮ Under the "longstanding no-interest rule," "interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest." *Library of Congress v. Shaw*, 478 U.S. 310, 317, 311, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986). The government can waive its immunity from interest by contract or by statute. *Id.* at 317, 106 S.Ct. at 2963. The SBA has not contracted with Woolf to waive its immunity, and neither Title VII nor the Back Pay Act, 5 U.S.C. § 5596, supplies an express statutory waiver of interest immunity from which Woolf can benefit.

### A.

▮ Neither of the documents that could be construed as contracts between the SBA and Woolf provides for the SBA to pay interest. The FAD, in which the SBA admitted to Woolf's failure-to-promote claim of discrimination, states that Woolf is entitled only to (1) a retroactive promotion to GS-7 "with all appropriate benefits," and (2) "'reasonable' attorney fees and/or costs incurred in pursuing [the failure-to-promote claim]." J.A. at 10. In the Settlement Agreement, which memorialized the settlement reached between the SBA and Woolf on her reclassification claim, the SBA agreed only to give Woolf (1) back pay, (2) "necessary corresponding contributions to the Retirement System," and (3) "reasonable attorney's fees." J.A. at 11–12. The SBA thus did not contractually waive its interest immunity in the course of its dealings with Woolf.

### B.

Woolf argues alternatively that Title VII and the Back Pay Act both furnish the express waiver of interest immunity upon which her claim to interest depends.

Title VII is of no help to Woolf. In *Shaw*, the Supreme Court held that "[i]n making the Government liable as a defendant under Title VII, Congress effected a waiver of the Government's immunity from suit, and from costs including reasonable attorney's fees. Congress did not waive the Government's traditional immunity from interest." *Shaw*, 478 U.S. at 323, 106 S.Ct. at 2966.

▮ Woolf correctly observes that Title VII now contains the express waiver of interest immunity lacking at the time *Shaw* was

decided. Section 114 of the Civil Rights Act of 1991 provides that when a Title VII action is brought against the federal government, "the same interest to compensate for delay in payment shall be available as in cases involving nonpublic parties." 42 U.S.C. § 2000e-16(d). This change in the law does not alter our conclusion, however, because we are of the opinion that section 114 is inapplicable to the present dispute. Section 114 did not take effect until November 21, 1991, more than one year after the SBA issued the FAD and the Settlement Agreement. In *Landgraf v. USI Film Products,* — U.S. —, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the Supreme Court held that section 102 of the 1991 Civil Rights Act, which authorizes the recovery of compensatory and punitive damages, does not apply retroactively to pre-enactment conduct[1] because it "would attach an important new legal burden to that conduct." *Id.* — U.S. at —, 114 S.Ct. at 1506. The Tenth Circuit has since held that the "presumption against retroactive application" reaffirmed in *Landgraf* applies with equal force to section 114. *Edwards v. Lujan,* 40 F.3d 1152, 1154 n. 1 (10th Cir.1994); *see also Huey v. Sullivan,* 971 F.2d 1362, 1365 (8th Cir.1992) (pre-*Landgraf* case holding that section 114 does not apply retroactively), *cert. denied,* — U.S. —, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994). We agree with the Tenth Circuit that section 114 is subject to *Landgraf*'s rule of nonretroactivity: requiring the federal government to pay interest would disrupt the longstanding expecta-

tion created by the no-interest rule, and thus unquestionably would impose an important new legal burden on the federal government. *Shaw*'s reminder that waivers of interest immunity are to be strictly construed, *see Shaw,* 478 U.S. at 318, 106 S.Ct. at 2963, provides further support for our conclusion. Because we hold that section 114 does not apply retroactively, Woolf's attempt to invoke Title VII as the basis for an award of interest fails under *Shaw.*[2]

Unlike the version of Title VII in effect at times relevant to this appeal, the Back Pay Act unquestionably contains an express waiver of the federal government's interest immunity. The Act provides that a federal agency employee who "is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee," 5 U.S.C. § 5596(b)(1), is entitled to back pay, *id.* at § 5596(b)(1)(A)(i), and provides further that "[a]n amount payable under paragraph (1)(A)(i) of this subsection shall be payable *with interest,*" *id.* at § 5596(b)(2)(A) (emphasis added).

Although the Back Pay Act authorizes the recovery of interest from the government, it does not authorize it in all instances; rather, interest is allowed only on "[a]n amount payable under paragraph (1)(A)(i)" of the Act.[3]

---

**1.** The enactment of section 114 postdated all of the conduct potentially relevant to this appeal—the SBA's acts of discrimination against Woolf as well as its resolution of her claims.

**2.** Woolf erroneously contends that this court's opinion in *Maksymchuk v. Frank,* 987 F.2d 1072 (4th Cir.1993), held that interest is recoverable against all governmental entities under Title VII. Consistent with the Supreme Court's decision in *Loeffler v. Frank,* 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988), *Maksymchuk* held simply that interest is generally recoverable against the United States Postal Service because Congress "removed the mantle of sovereign immunity for the UPS" in the Postal Reorganization Act of 1970. *Maksymchuk,* 987 F.2d at 1076.

Woolf does not argue that by including a "sue-and-be-sued clause" in the SBA's charter, *see* 15 U.S.C. § 634(b)(1), Congress has "'launched [the SBA] into the commercial world'" and "cast off [the SBA's] 'cloak of sovereignty,'" *Loeffler,* 486

U.S. at 556, 108 S.Ct. at 1970 (citations omitted), such that the SBA's interest immunity has been waived. In any event, the Fifth Circuit has held that "the Small Business Administration's sue-and-be-sued clause does not waive its [interest] immunity," *A.L.T. Corp. v. Small Business Administration,* 823 F.2d 126, 128 (5th Cir.1987), and this holding appears to have survived *Loeffler. Cf. Spawn v. Western Bank–Westheimer,* 989 F.2d 830, 838 (5th Cir.1993) (sue-and-be-sued clause does not by itself deprive FDIC of interest immunity), *cert. denied,* — U.S. —, 114 S.Ct. 1048, 127 L.Ed.2d 371 (1994).

**3.** The fact that the Back Pay Act authorizes the recovery of interest only where back pay is "payable under paragraph (1)(A)(i)" defeats Woolf's claim that the Act constitutes a general waiver of the government's interest immunity, against which the SBA's promise in the FAD to pay "all appropriate benefits" must be read.

Neither of Woolf's back pay awards was payable under this paragraph, and thus she cannot avail herself of the interest immunity waiver of 5 U.S.C. § 5596(b)(2)(A).

One source of Woolf's back pay award was the Settlement Agreement, which related to her reclassification claim. The Back Pay Act, however, "does not apply to any reclassification action," 5 U.S.C. § 5596(b)(3), and the Act's interest provision therefore does not authorize the payment of interest on any back pay Woolf was to receive pursuant to the Settlement Agreement.

The second source of Woolf's back pay award was the FAD, which related to her failure-to-promote claim. The Back Pay Act is applicable to some failure-to-promote claims but, because the Act covers only employees who suffer unlawful "withdrawal or reduction" of compensation, 5 U.S.C. § 5596(b)(1), it has been interpreted as applying only where the improperly-denied promotion was noncompetitive and mandatory, rather than discretionary. *Brown v. Secretary of the Army*, 918 F.2d 214, 219–20 (D.C.Cir.1990), *cert. denied*, 502 U.S. 810, 112 S.Ct. 57, 116 L.Ed.2d 33 (1991); *Edwards v. Lujan*, 40 F.3d 1152, 1154 (10th Cir.1994) ("adopt[ing] *Brown*'s interpretation of the Back Pay Act"). *Cf. Spagnola v. Stockman*, 732 F.2d 908, 912 (Fed.Cir.1984) ("[T]he 1978 amendment [to the Back Pay Act] was *not* designed to provide payment for all actions which should or might well have been taken, but only for those payments or benefits which were *required* by law (a statute or regulation).") Nothing in the record suggests that the promotion improperly denied to Woolf was "of that virtually automatic, noncompetitive kind," *Brown*, 918 F.2d at 220, and thus the back pay she was awarded under the FAD, like that awarded under the Settlement Agreement, was not "payable under paragraph (b)(1)(A)(i)." The Back Pay Act's interest immunity waiver therefore is likewise unavailing to Woolf.

---

### CONCLUSION

The SBA has not waived its traditional interest immunity either by contract or by statute. The district court therefore properly held that Woolf is not entitled to interest on the back pay she received under the FAD and the Settlement Agreement.[4]

*AFFIRMED.*

---

4. Woolf also contends that she is entitled to postjudgment interest because the SBA took one year to calculate the amount owed to her under the FAD and Settlement Agreement. Once again, however, she is unable to identify any basis for finding that the government has waived its interest immunity in this respect. Moreover, it appears that at least some of the delay is attributable to her actions. We therefore find that the district court properly ruled that she was not entitled to postjudgment interest.