**Stephen A. ARNESON, Plaintiff,**

v.

**Louis W. SULLIVAN, Secretary of the Department of Health and Human Services, Defendant.**

**No. 4:84–CV–2552(CEJ).**

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 3, 1996.

David J. Newburger, Newburger and Vossmeyer, St. Louis, MO, Kathryn E. Denner, Denner and Lynn, St. Louis, MO, for Plaintiff.

Joseph B. Moore, Office of U.S. Atty., St. Louis, MO, for Defendant.

## *MEMORANDUM*

JACKSON, District Judge.

This matter is before the Court on the cross motions of the parties for judgment. A hearing on the motions was held on April 24, 1996. Also before the Court is the motion of the plaintiff for sanctions.

The plaintiff brings this action pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* The issue of the defendant's liability has already been decided.[1] The only question remaining for the Court is a determination of the amount of back pay damages

---

1. In *Arneson v. Sullivan,* 946 F.2d 90 (8th Cir. 1991), the Eighth Circuit reversed and remanded the case directing the court to enter an ·order reinstating the plaintiff and further directing the court to determine the amount of back pay damages due.

due the plaintiff. The parties agree that the plaintiff is owed basic pay in the amount of $295,555.20 and overtime pay in the amount of $6,903.67. Furthermore, neither party disputes authorized deductions for CSRS retirement contributions in the amount of $20,-688.86 and thrift savings plan contributions in the amount of $9,177.65. In addition, the plaintiff received an interim payment of damages in the amount of $275,432.85 on February 28, 1995.

The issues in dispute concern interest, compensation for adverse tax consequences and a deduction for civil service disability retirement benefits. Specifically, the Court must determine whether the plaintiff is entitled to prejudgment interest pursuant to either Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16(d) ("Title VII"), or the Back Pay Act, 5 U.S.C. § 5596. The plaintiff also asks the Court to offset his enhanced tax liability resulting from the receipt of his back pay damages in two lump sum payments. Finally, the defendant argues that the disability retirement benefits the plaintiff received during the period of his termination constitute outside earnings which should be deducted from the back pay award.

## I. PREJUDGMENT INTEREST

The plaintiff argues that pursuant to Title VII or, in the alternative, the Back Pay Act, 5 U.S.C. § 5596, he is entitled to prejudgment interest accruing from the date of his termination in 1983. The defendant argues that the plaintiff is only entitled to prejudgment interest accruing from November 21, 1991, the effective date of the Civil Rights Act of 1991.

■ Absent an express statutory waiver, sovereign immunity protects the federal government from liability for prejudgment interest on damage awards. *Library of Congress v. Shaw*, 478 U.S. 310, 314, 106 S.Ct. 2957, 2961, 92 L.Ed.2d 250 (1986). The Rehabilitation Act of 1973 (the "Act") does not address the issue of prejudgment interest; however, the Act expressly incorporates the "remedies, procedures and rights of Title VII." 29 U.S.C. § 794a. The Civil Rights Act of 1991 amended Title VII to authorize the award of prejudgment interest in cases against the federal government. *See* 42 U.S.C. § 2000e–16(d). This provision does not apply retroactively, however. *Huey v. Sullivan*, 971 F.2d 1362, 1365 (8th Cir.1992), *cert. denied*, 511 U.S. 1068, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994); *Edwards v. Lujan*, 40 F.3d 1152, 1154 n. 1 (10th Cir.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 417, 133 L.Ed.2d 335 (1995); *Woolf v. Bowles*, 57 F.3d 407, 410 (4th Cir.1995); *Brown v. Secretary of the Army*, 78 F.3d 645, 647 (D.C.Cir.1996). Consequently, under Title VII the plaintiff is not entitled to interest accruing prior to the effective date of the Civil Rights Act of 1991, *i.e.*, November 21, 1991.

■ In the alternative, the plaintiff argues that the Back Pay Act waives the federal government's sovereign immunity against prejudgment interest. The Back Pay Act authorizes the award of back pay in cases involving an "unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances or differential of the employee." 5 U.S.C. § 5596(b)(1). In 1987, Congress amended the Back Pay Act to allow interest on back pay awards. *See* 5 U.S.C. § 5596(b)(2)(A). Such interest is recoverable only if the decision awarding the employee back pay was rendered on or after December 22, 1987, the effective date of the amendment. *Huey*, 971 F.2d at 1365.

■ Although the Eighth Circuit has yet to decide whether the interest provision of the Back Pay Act can supplement the relief available under Title VII, other courts have held that it can. *Brown v. Secretary of the Army*, 918 F.2d 214, 218 (D.C.Cir.1990), *cert. denied*, 502 U.S. 810, 112 S.Ct. 57, 116 L.Ed.2d 33 (1991); *Edwards*, 40 F.3d at 1154; *Woolf*, 57 F.3d at 410–11. In accordance with these well-reasoned opinions, the Court concludes that in cases falling within the scope of the Back Pay Act, the federal government's sovereign immunity against prejudgment interest on Title VII back pay awards is waived. *Edwards*, 40 F.3d at 1154; *Brown*, 918 F.2d at 218. The question then becomes whether this case is covered by the Back Pay Act.

The Back Pay Act limits its coverage to the unlawful "withdrawal or reduction" of compensation. 5 U.S.C. § 5596(b)(1). In the present case, the plaintiff was unlawfully terminated from his position in violation of the Rehabilitation Act. The Court concludes that the plaintiff's termination, which resulted in a withdrawal of all compensation, falls within the coverage of the Back Pay Act. *See Lee v. Brady,* 741 F.Supp. 990, 991 (D.D.C.1990). Furthermore, because the decision to award back pay to the plaintiff was rendered, at the earliest, on October 7, 1991 when the Eighth Circuit remanded the case with directions that back pay be awarded, this case falls within the scope of the Back Pay Act.

Based on the foregoing the Court concludes that the plaintiff is entitled to prejudgment interest accruing from his termination on January 21, 1983 to February 28, 1995, the date of the interim payment. The interest is to be calculated in accordance with the provisions of 5 U.S.C. § 5596(b)(2) and shall be based on the sum of $265,688.20, which represents the basic back pay amount of $295,555.20 less the deductions for CSRS retirement ($20,688.86) and thrift savings plan ($9,177.65) contributions.

## II. ADVERSE TAX CONSEQUENCES

The plaintiff next argues that the Court should enhance his back pay award to compensate him for the increased income tax liability resulting from the receipt of the award in two lump sum payments. He argues that as a result of the lump sum payments he is subjected to higher tax rates than he would have otherwise paid on his wages.[2]

The court has wide discretion in fashioning remedies to compensate victims of discrimination. *Ford Motor Co. v. EEOC,* 458 U.S. 219, 230, 102 S.Ct. 3057, 3064–65, 73 L.Ed.2d 721 (1982); *Int'l Brotherhood of Teamsters v. United States,* 431 U.S. 324, 364–65, 97 S.Ct.

1843, 1869–70, 52 L.Ed.2d 396 (1977). In *Hukkanen v. Int'l Union of Operating Engineers,* 3 F.3d 281, 286 (8th Cir.1993), the appeals court upheld the district court's denial of an enhancement because the plaintiff failed to present evidence of the enhancement amount or a convenient means for the court to calculate it. *Id.* at 286. The court, however, did not foreclose the possibility of such enhancements.

Although an enhancement may not be appropriate in every case, this case presents special circumstances because of the protracted nature of the litigation. *See Sears v. Atchison, Topeka & Santa Fe Ry.,* 749 F.2d 1451, 1456 (10th Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2322, 85 L.Ed.2d 840 (1985). The entry of final judgment in this case, which was initiated in 1984, will result in the award of back pay for a nine-year period. The lump sum payments place the plaintiff in an income tax bracket much higher than if he had received the back pay award as yearly salary. The government has provided no authority which would prevent the Court from making such an award. Because of the protracted length of the litigation in this case and the increased tax liability, the Court concludes that an increase in the back pay award to compensate the plaintiff for the adverse tax consequences is appropriate. *See Sears,* 749 F.2d at 1456.

Plaintiff, in Exhibits 2 and 3, provides calculations of the enhancement amount necessary to compensate him for the adverse tax consequences. Exhibit 3 is based on interest calculated through September 30, 1996, and requires an additional award of $117,803 to compensate the plaintiff for the tax consequences of the two lump sum payments. The defendant does not challenge the manner in which the tax enhancement amount was calculated. The Court concludes that the plaintiff's calculation of $117,803 fairly approximates the plaintiff's increased tax lia-

---

**2.** In response, the defendant argues that the plaintiff's claim of enhanced tax liability is moot because pursuant to Revenue Ruling 93–88, back pay awarded under Title VII is excludable from gross income. The Court disagrees. In *Commissioner of Internal Revenue v. Schleier,* 515 U.S. 323, ——, 115 S.Ct. 2159, 2167, 132 L.Ed.2d 294 (1995), the Court rejected the commissioner's interpretation of the exclusion provision of § 104(a)(2) of the Internal Revenue Code and held that back pay received in settlement of an Age Discrimination in Employment Act claim was not excludable from gross income. *Id.* at ——, 115 S.Ct. at 2164. *See also United States v. Burke,* 504 U.S. 229, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992).

bility. Therefore, his back pay award will be increased in that amount.

### III. DISABILITY RETIREMENT ANNUITY

■ The defendant argues that the back pay award should be reduced by the amount of disability retirement benefits the plaintiff received during the period of his termination. The defendant argues that, as outside earnings, these benefits should be deducted from the back pay award. In response, the plaintiff argues that under the collateral source rule these benefits need not be deducted.

As an employee of the Social Security Administration ("SSA"), the plaintiff was entitled to participate in the Civil Service Retirement System ("CSRS"). While he was employed by the SSA, he contributed to CSRS an annual amount equal to 7 percent of his salary. The balance of the contribution to CSRS was made by his employer. CSRS benefits are paid from the Civil Service Retirement Trust Fund. After he was terminated by the SSA, plaintiff received disability retirement benefits from CSRS in the undisputed amount of $72,241.87.

The court is not required to deduct from a back pay award payments made from pension plans which are "separate from and independent of an employer's business." *Smith v. World Insurance Co.*, 38 F.3d 1456, 1465 (8th Cir.1994). Because such payments come from a source other than the employer (a collateral source) they do not have to be deducted. *Id.* Courts may treat these pension benefits that the plaintiff received as already earned and need not deduct them. *Id.* at 1466. In the instant case, the disability retirement benefits were paid, not by the SSA, but by the CSRS, a separate and distinct entity. Furthermore, these benefits were earned by the plaintiff while he was employed by the SSA from 1968 through 1983. Consequently, the benefits fall within the collateral source rule and need not be deducted.

The Court, however, must deduct pension benefits if the back pay award includes the employer's pension contributions which would have been made but for the unlawful termination. *Id.* at 1465. In other words, if the back pay award includes a sum designed to put the plaintiff's pension account in the same position it would have been in if the plaintiff had never been discharged, then the benefits must be deducted. *Id.* at 1466. In the present case, neither party has proposed a formula for calculating back pay that would compensate the plaintiff for the pension contributions the SSA would have made if he had not been terminated. Therefore, the pension benefits the plaintiff received in the amount of $72,241.87 will not be deducted from the back pay award.

### IV. CONCLUSION

For the foregoing reasons, the plaintiff will be awarded the sum of $114,962.51. This figure is arrived at by adding the plaintiff's basic pay of $295,555.20, overtime pay of $6,903.67, and the tax enhancement of $117,803 and deducting the CSRS retirement contributions ($20,688.86), thrift savings plan contributions ($9,177.65), and the February 28, 1995 interim Judgment payment ($275,432.85). The plaintiff shall also receive prejudgment interest accruing from January 21, 1983 to February 28, 1995 that is based on the sum of $265,688.69 and that is to be calculated pursuant to the Bank Pay Act, 5 U.S.C. § 5596(b)(2).